**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Carol Ann McBratnie,

Plaintiff, Case No. 25-12614

v. Judith E. Levy
United States District Judge

Scott Bessent, Acting Commissioner of the IRS, Mag. Judge Anthony P. Patti

Defendant.

________________________________/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [44] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [41]**

On June 12, 2026, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant Scott Bessent's motion to dismiss and deny *pro se* Plaintiff Carol Ann McBratnie's motions for preliminary injunction. (ECF No. 41.) In the same document, Judge Patti also issued Orders resolving a variety of non-dispositive motions. (*Id.*)[1]

[1] The docket entry for ECF No. 40 indicates that it is an "ORDER Denying Plaintiff's 35 Motion to Amend, Striking Plaintiff's 31 'Motion to Dismiss', and Denying as Moot Plaintiff's Two Motions related to Service (ECF Nos. 10 & 13 )." The

On July 10, 2026, Plaintiff filed timely[2] objections to the R&R and the Orders. (ECF No. 44.) The objections are fully briefed. (ECF No. 45, 46.)

For the reasons set forth below, Plaintiff's objections are overruled.

## I. Background

The background set forth in the R&R is adopted as though set forth in this Opinion and Order. (ECF No. 41, PageID.557–561.)

On August 20, 2025, Plaintiff filed the complaint in this case against Scott Bessent, the Acting Commissioner of the Internal Revenue Service ("IRS"). (ECF No. 1.) Plaintiff brings a variety of claims related to her tax liability for tax years 2013 through 2024. (ECF No. 41, PageID.557.)

document is identical to that at ECF No. 41. As such, the Court will refer to ECF No. 41 when referring to both the R&R and the Orders.

[2] The Court notes that Plaintiff only filed a motion for an extension of time to file objections to the R&R. (ECF No. 42, PageID.582 ("This Court is requested to extend the time to file McBratnie's Objection to the Magistrates [*sic*] R-R from June 26, 2026 to July 10, 2026"); *see also* ECF No. 43 (granting "Plaintiff's motion for an extension of time to file objections to [the] Report and Recommendation" (emphasis added)).) Plaintiff did not request an extension of time to file objections to the Orders in the same document. Given Plaintiff's *pro se* status, the Court will permit Plaintiff to file late objections to the Orders.

As noted by the R&R, "Plaintiff's complaint does not delineate specific counts . . . ." (*Id.* at PageID.559.) The R&R instead addressed Plaintiff's claims by her requests for relief and listed the following bases for relief:

- Request for a writ of mandamus under 28 U.S.C. § 1361 "for the IRS to provide the Statutorily Required Collections Due Process Hearing within 30-90 [days] . . . ";

- Request for "Judicial Review" under the Administrative Procedure Act for the IRS to "provide the Statutorily Required Collections Due Process Hearing within 30-90 days . . . ";

- Request for "Judicial Review" under the Administrative Procedure Act to "hold the behavior of the IRS to be unlawful . . . ";

- An order for "the 'Collections due Process Hearing "switch"' be turned back on in the interim";

- An order suspending the IRS's collections actions "until after the statutorily required hearing is held";

- An order for the "IRS to provide the evidence for tax years 2013-2019 . . . to establish that no deficit truly exists other than what was created by modification of McBratnie's 2015 tax transcript by the 2015 IRS Examiner that the IRS never restored"; and

- In the alternative, "production of tax form, Tax Transcript and Record of Account accounting data for this Court to determine if a true 'math error' occurred, or if the 2015 Tax Examiner

> tampering with the tax transcript was causative of 2017's lien levy."

(*Id.* at PageID.559–560 (quoting ECF No. 1, PageID.2–3, 9–10.))

In addition to these requests for relief listed in the R&R, the complaint requests that the Court "[o]rder the production of data for tax years 2013-2019" and "[d]irect the IRS to process McBratnie's 2019 tax return for proper accounting of self-employment taxes to the Social Security Administration." (ECF No. 1, PageID.15.)

## II. Legal Standard

Plaintiff files objections to both the R&R and the Orders resolving non-dispositive motions.

### A. Standard for Non-Dispositive Pretrial Matters

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

**B. Standard for R&Rs**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C.

§ 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

Judge Patti's R&R and Orders were filed as a single document. (ECF No. 41.) The Court carefully reviewed Plaintiff's objections and finds that Plaintiff did not file objections regarding the Orders striking Plaintiff's "motion to dismiss" (ECF No. 31) and denying as moot Plaintiff's motions related to service. (ECF Nos. 10, 13.) Plaintiff's objections only pertain to the Order denying her motion to amend the complaint (ECF No. 35) and the R&R resolving Defendant's motion to dismiss and Plaintiff's motions for a preliminary injunction. (ECF Nos. 20, 21, 25.)

Plaintiff's objections are more efficiently addressed out of order as set forth below.

### A. Objection 1

Plaintiff's first objection argues that the R&R erred when it held that Plaintiff waived certain arguments related to injunctive relief.

The R&R concluded that Plaintiff's claim for injunctive relief should be dismissed for lack of jurisdiction because Plaintiff asks that the Court "restrain assessment or collection" of taxes. (ECF No. 41, PageID.564 (citing 26 U.S.C. § 7421).) Suits of this nature are prohibited by the Anti-

Injunction Act ("AIA"), and the R&R determined that Plaintiff did not identify an exception to the AIA.

One exception to the AIA is located at 26 U.S.C. § 6330(e)(1). 26 U.S.C. § 6330 "affords taxpayers notice and a right to a hearing before the IRS can levy on and sell a taxpayer's property for unpaid taxes." *Comm'r v. Neal*, 557 F.3d 1262, 1275 (11th Cir. 2009). This hearing "is known as a collection-due-process ["CDP"] hearing." *Id.* at 1276. If a CDP Hearing is properly requested for review of a levy action by the IRS, those levy actions are suspended pending resolution of the CDP Hearing and related appeals. A court has the authority to issue an injunction suspending those levy or collection proceedings during that period of time. Here, the R&R reasoned that this exception to the AIA did not apply because Plaintiff did not allege that a notice had been issued that triggered her CDP rights, nor that her communications to the IRS constituted a proper request for a CDP Hearing. (ECF No. 41, PageID.567–570.)

The R&R also noted in a footnote that Plaintiff failed to respond to Defendant's argument that "(1) no judicial exception to the AIA applies, and (2) neither the mandamus statute nor the Administrative Procedure

Act allow McBratnie to circumvent the AIA" and thus waived her response to those arguments. (ECF No. 41, PageID.570 n.4 (quoting ECF No. 20, PageID.124–125).)

Plaintiff argues that she "did not 'waive' her injunction argument" and that her suit is subject to an AIA exception pursuant to 26 U.S.C. § 6330(e)(1). (ECF No. 44, PageID.588.)

This objection does not identify an error in the R&R. Plaintiff argues that she identified a statutory exception to the AIA: 26 U.S.C. § 6330(e)(1). But that is not what the R&R addressed in this footnote. The R&R found that Plaintiff did not identify any "**judicial** exception to the AIA" nor presented any argument that "the mandamus statute [or] the Administrative Procedure Act allow McBratnie to circumvent the AIA." (ECF No. 41, PageID.570 n.4 (emphasis added).) Plaintiff's argument regarding 26 U.S.C. § 6330(e)(1) involves a statutory exception to the AIA and does not address the mandamus statute or Administrative Procedure Act. In short, Plaintiff's objection does not actually address this section of the R&R and the objection is overruled.

**B. Objection 2**

Plaintiff argues that the R&R erred when it held that Plaintiff did not sufficiently plead that she requested a CAP Hearing, not a CDP Hearing. (ECF No. 44, PageID.589.)

Plaintiff alleges that she submitted a "Form 9423" in 2019, that this submission constituted a proper request for a CDP Hearing, and that she is therefore entitled to an injunction under 26 U.S.C. § 6330(e)(1) suspending the IRS's levy actions until she receives a CDP Hearing. The R&R concluded that Plaintiff's submission of a Form 9423 is insufficient because a Form 9423 is a Collection Appeals Request under the Collection Appeal Program ("CAP"), while the proper form to request a CDP Hearing is Form 12153. (ECF No. 41, PageID.568–569.)

First, Plaintiff appears to argue that the R&R contains contradictions. As noted by Plaintiff, the R&R states, "Accordingly, based on the allegations in her complaint, Plaintiff did not request a CDP Hearing, but instead only requested a CDP Hearing." (ECF No. 44, PageID.589 (quoting ECF No. 41, PageID.569–570).) This part of the R&R is clearly a typographical error. Based on the R&R's prior analysis, it intended to state, "Plaintiff did not request a CDP Hearing, but instead

only requested a CAP Hearing." (ECF No. 41, PageID.569–570 (correction emphasized).)

Second, Plaintiff states,

"CDP" is nowhere in the text of the Complaint

"CAP" is nowhere in the text of the Complaint

McBratnie spelled out "Collections Due Process" consistently.

(ECF No. 44, PageID.589.) Plaintiff appears to argue that the R&R erred when it described her allegations as pertaining to "CDP" Hearings or the "CAP."

The Court explains that "CDP" is an abbreviation of "Collection Due Process." (*See* ECF No. 41, PageID.558 (R&R shortening "Collection Due Process" to "CDP" and referring to "CDP Hearings").) The undersigned assumes that the R&R intended to refer to "Collection Due Process" Hearings when it referenced CDP Hearings. Similarly, "CAP" is an abbreviation of "Collection Appeal Program." (*Id.* at PageID.567 (R&R shortening "Collection Appeal Program" to "CAP").)

Next, Plaintiff claims that she alleges in her complaint that she requested a CDP Hearing, not the CAP as the R&R found. Plaintiff quotes from her complaint and states, "Statute 26 U.S.C. § 6330 only provisions for one type of hearing: an Independent Office of Appeals

Hearing." (ECF No. 44, PageID.589.) Here, Plaintiff appears to argue that she is owed a CDP hearing under 26 U.S.C. § 6330. But, as set forth in the R&R, Plaintiff does not sufficiently allege that she requested a CPD Hearing under § 6330 because she claims that she submitted a Form 9423, which requests participation in the CAP. Plaintiff's argument that § 6330 pertains to "Independent Office of Appeals Hearings" does not explain why the R&R's analysis is flawed.

This objection is overruled.

**C. Objection 15**

In Plaintiff's fifteenth objection, she objects to the R&R's characterization of her complaint regarding whether and when she may have received an IRS notice that triggered her right to a CDP Hearing. (ECF No. 44, PageID.609.)

The IRS may collect unpaid taxes by seizing taxpayer property through a levy action. However, the IRS must first issue a Notice to the taxpayer informing them of its intent to levy their property and the taxpayer's right to request a CDP hearing. 26 U.S.C. § 6330; *Andre v. Comm'r*, 127 T.C. 68, 69–70 (2006). The taxpayer has the right to request a CDP hearing after issuance of this Notice; the request must be made

within 30 days of the Notice. *Id.* at 71. The issuance of a Notice is crucial—a taxpayer cannot request a CDP Hearing before the Notice is issued. *See id.* at 74 (holding that "premature requests for a CDP hearing are not effective").

Here, the Magistrate Judge interpreted Plaintiff's complaint as claiming that she was issued a Notice on July 21, 2025, which makes her request for a CDP Hearing in 2019 illogical. (ECF No. 41, PageID.568 ("It makes no sense for McBratnie to have requested a hearing back in 2019 based on an IRS notice that she did not receive until 2025." (quoting ECF No. 20, PageID.123).) Based upon these factual allegations, the R&R determined that Plaintiff had not sufficiently alleged that a Notice was issued in 2019 that would have triggered her right to a CDP Hearing in 2019. (*Id.*) The R&R concluded that Plaintiff did not demonstrate an exception to the AIA under § 6330 because "there is nothing in Plaintiff's complaint to indicate that Plaintiff received any notice that would trigger her right to a CDP Hearing." (*Id.* at PageID.567.)

Plaintiff contends that this interpretation of her complaint is wrong. She states that a notice that triggered her right to a CDP

Hearing—referred to by Plaintiff as a "CP 504"[3]— "preceded [her] filing of that form 9423" in 2019. (ECF No. 44, PageID.609.) According to Plaintiff, her complaint alleges that, in 2019, a Notice that triggered her CDP rights was issued by the IRS.

Plaintiff's complaint references a "first Lien/Levy 'Notice Issued' of date 03-04-2019 (Exhibit 2 p.1)." (ECF No. 1, PageID.6.) This allegation is ambiguous. It is not clear if Plaintiff alleges that the IRS issued a notice of a lien or of a levy on March 4, 2019.[4] Plaintiff's reference to Exhibit 2 does not provide any clarification as it only states, "Notice issued" on "03-04-2019." (ECF No. 12-2, PageID.62.) There are no allegations in the complaint indicating that the Notice was a CP 504.

---

[3] The parties disagree whether an IRS CP 504 triggers a right to a CDP Hearing under 26 U.S.C. § 6330. (*See* ECF No. 45, PageID.628 ("Regardless, a CP 504 is not a type of IRS notice that gives rise to CDP rights. . . ."); ECF No. 46, PageID.632 ("For this instant case, CP 504 met the statutory requirement for notice . . . .").) The Court holds no opinion on whether a CP 504 is a proper notice that triggers CDP rights.

[4] A lien is not the same as a levy. A lien is "[a] right or interest that a creditor has in another's property . . . ." Lien, Black's Law Dictionary (12th ed. 2024). The seizure of the property due to that lien is a levy. Levy, Black's Law Dictionary (12th ed. 2024). Furthermore, a "notice of federal tax lien" and a "notice of intent to levy" are separate notices. *See Agility Network Servs., Inc. v. United States*, 848 F.3d 790, 792 (6th Cir. 2017) (referencing separately a notice of federal tax lien and notice of intent to lien for the same overdue taxes).

Given this ambiguity, the allegations in the complaint do not support Plaintiff's claim that the IRS issued a relevant Notice to her in 2019. (ECF No. 44, PageID.609.) *See Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted [ ] by statements in the complaint itself . . . ." (quoting *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F.Supp.2d 371, 405–06 (S.D.N.Y. 2001))); *Zhou v. Lincoln Elec. Co.*, No. 1:20-CV-00018, 2020 WL 2512865, at *4 (S.D. Ohio May 15, 2020) ("It is well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." (quoting *Pierce v. Fordham Univ., Inc.*, No. 15-CV-4589, 2016 WL 3093994, at *2 n.1 (S.D.N.Y. June 1, 2016))).

Thus, Plaintiff has not demonstrated that the IRS issued a notice that triggered her right to a CDP Hearing in 2019.[5]

[5] And, as set forth in the R&R and this opinion's analysis on Objection 9, Plaintiff's pleadings do not demonstrate that she properly requested a CDP Hearing even assuming that the notice referenced in the complaint triggered Plaintiff's CDP rights.

**D. Objection 9**

Plaintiff challenges the R&R's recommendation that Plaintiff did not sufficiently allege a proper request for a CDP Hearing.

The R&R reasoned that the Court lacks jurisdiction over Plaintiff's claim for injunctive relief because she did not allege a proper request for a CDP Hearing pursuant to 26 U.S.C. § 6330. (ECF No. 41, PageID.568.) Although Plaintiff states that she requested a CDP Hearing, that allegation was conclusory because she alleges that she submitted a Form 9423 in 2019, and Form 9423's "appl[y] to requests for CAPs, not CDP Hearings." (*Id.*) The R&R's understanding of a proper request for a CDP Hearing came from the Forms themselves and IRS Publication 1660. (*Id.* at PageID.568–569.)

Plaintiff believes the R&R erred when it relied on the Forms and the IRS Publication. She argues that the R&R adopted the IRS's view of "how this process is supposed to work" and is "predicated on 'hypotheticals' not reality." (ECF No. 44, PageID.600.) Plaintiff's argument is difficult to understand, but she appears to argue that her submission of a Form 9423 should be considered a proper request for a CDP Hearing because (1) it is possible that "a manager" at the IRS

considered it to be a request for a CDP hearing and (2) "IRS internal promulgations" should not be credited by the Court because they "override Congressional statutes as to what the law states" and would be "in contrivance of SCOTUS direction" because "the *Chevron Deference Doctrine* is now dead" and "[t]he IRS is no longer the de facto authority on the [Internal Revenue Code] (*Loper Bright Enterprises v. Raimondo*, 603 U.S. at 369 [ ])." (*Id.* at PageID.601–602.) This appears to be an argument that Plaintiff's submission of a Form 9423 should be accepted as a proper request for a CDP Hearing based on only the criteria described in 26 U.S.C. § 6330. (*See, e.g.*, *id.* at PageID.606 ("[T]he only statutory requirement to secure [the relevant hearing] was that the request needed to be in writing.").)

It is true that 26 U.S.C. § 6330(b)(1) sets forth that a request for a CDP Hearing must be "in writing" and "state[ ] the grounds for the requested hearing." However, these are not the only requirements for requesting a CDP Hearing.

The IRS issued regulations governing the procedural requirements for a taxpayer's CDP Hearing request. *See* 26 C.F.R. § 301.6330-1. Congress permitted the IRS to create such regulations that set forth the

methods and procedures in which laws like 26 U.S.C. § 6330 are enforced. *See* Miscellaneous Changes to Collection Due Process Procedures Relating to Notice and Opportunity for Hearing Upon Filing of Notice of Federal Tax Lien, 71 Fed. Reg. 60835-01 (Oct. 16, 2006); *see also* 26 U.S.C. § 7805 (stating, generally, "the Secretary [of the Treasury Department] shall prescribe all needful rules and regulations for the enforcement" of the internal revenue laws).

Plaintiff's arguments do not take these regulatory requirements into account. Thus, Plaintiff's objection regarding *Loper Bright* and that "Form 9423 met the articulated requirement for requesting a hearing in writing" per 26 U.S.C. § 6330 (ECF No. 46, PageID.632; ECF No. 44, PageID.605) are insufficient.

Plaintiff's argument that it is possible that "McBratnie's case was one where the hypothetical process was overridden by a manager" is also insufficient. (ECF No. 44, PageID.601.) Plaintiff must demonstrate that her suit is subject to an exception to the AIA. Here, she claims that her suit for an injunction is permissible under 26 U.S.C. § 6330(e)(1). But the Court's ability to issue an injunction relies on a taxpayer's proper request for a CDP Hearing. 26 U.S.C. § 6330(e)(1). Plaintiff does not explain why

actions taken by the IRS nonetheless demonstrate that she is entitled to this exception to the AIA.

Finally, Plaintiff argues that discovery is necessary to clarify what steps the IRS took in 2018 and 2019. (ECF No. 44, PageID.602 ("Discovery of IRS records would clarify how 'tax period blocked from levy program' was accomplished which is what is pertinent in the Motion to Dismiss premised on reality versus hypothetical."); *see also id.* at PageID.611 (requesting "relief" in the form of "allow[ing] limited discovery of 2017 IRS account memo, notes, phone conversations, data and documents between the parties for reconstructing the sequence of the prior CP 504, form 9423 and the basis of blocking tax year 2017 from the automated levy program (the reality of the circumstances, versus hypothetical)").)

Plaintiff's request for jurisdictional discovery appears to be a motion. If so, this request violates Eastern District of Michigan Local Rule 7.1(i), which states that "[m]options must not be combined with any other stand-alone document." *See Ward v. Cnty. of Wayne*, No. 21-CV-12742, 2024 WL 1174555, at *4 (E.D. Mich. Mar. 19, 2024) (addressing document that consisted of both objections and a motion to strike).

Even if the Court considered Plaintiff's request for jurisdictional discovery on the merits, Plaintiff has not demonstrated an entitlement to discovery. "[P]laintiffs must do more than 'merely assert' the need for discovery; they must 'explain what evidence relevant to subject matter jurisdiction they [would be] denied from obtaining.'" *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (quoting *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005)). Plaintiff's request for discovery concerns the IRS's actions, not hers. (*See* ECF No. 44, PageID.601 ("Discovery is needed for any memo attached to the IRS notation blocking automated levy program and form 9423 and phone conversations, to identify if McBratnie's case was one where the hypothetical process was overridden by a manager.").) As set forth above, the exception to the AIA is triggered by a taxpayer's request for a CDP Hearing, not by the IRS's actions. Plaintiff's request for jurisdictional discovery does not explain how the requested evidence would be relevant to the Court's jurisdictional analysis.

Plaintiff's Objection 9 is overruled.

**E. Objection 10**

In Plaintiff's tenth objection, she again argues that she demonstrated an exception to the AIA regarding her claim for injunctive relief for a CDP Hearing. (ECF No. 44, PageID.604.) Plaintiff argues that the exception to the AIA "in 26 [U.S.C.] § 6330(e)(1) **actually turns on whether the IRS accepted a CDP Hearing was requested**." (ECF No. 44, PageID.604.) For the reasons set forth in Objection 9, this argument is rejected.

Plaintiff also appears to argue that the R&R's reasoning was incorrect because 26 U.S.C. § 6330 "only provisions for one type of hearing, an 'Independent Office of Appeals Hearing'" and because "[t]he CAP was self legislated by the IRS where Congress did not delegate authority to create such a parallel program." (ECF No. 44, PageID.604.) According to Plaintiff, the R&R's finding that she requested participation in CAP, not a CDP Hearing, was erroneous because the CAP should not exist.

This argument is overruled because it is insufficient. Plaintiff does not cite any authority for her contention that "Congress did not delegate authority to create" the CAP. (*Id.*); *see also Mack v. City of Detroit*, No. 12-CV-10300, 2015 WL 3646462, at *2 (E.D. Mich. June 10, 2015) ("It is

not the Court's function to find authority in support of a party's position or argument."). And even if the Court found that the existence of the CAP exceeded the IRS's statutory authority, Plaintiff does not sufficiently explain why she would nonetheless be entitled to a CDP Hearing.

Plaintiff's objection is overruled.

**F. Objection 11**

Plaintiff's Objection 11 again argues that the R&R should only consider the statutory language in 26 U.S.C. § 6330 when determining if her allegations are sufficient to state an exception to the AIA. (ECF No. 44, PageID.605 ("The Magistrate did not Address the Statutory Language").) For the reasons set forth in the Court's analysis of Objection 15, Plaintiff's argument related to whether a Notice triggering her CDP rights was issued is rejected. (*Id.*) And for the reasons set forth in the Court's analysis of Objections 9 and 10, Plaintiff's argument related to her submission of a Form 9423 is rejected. (*Id.* at PageID.605–606.)

Plaintiff also argues that the R&R "should [ ] address if the IRS by having two almost identical forms to request hearings, was intentionally trying to mislead taxpayers to submit the 'wrong form' to circumvent the Congressionally legislated, Taxpayer Bill of Rights, by not keeping the

process 'simple and non-technical' as directed [by] 26 [U.S.C.] § 6330(a)(3) . . . . Congress did not authorize nor statutorily define the CAP process." (*Id.* at PageID.606.) Plaintiff does not explain on what basis the R&R should have *sua sponte* considered bad faith conduct from the IRS. And as set forth in the Court's analysis on Objection 10, Plaintiff does not provide any support for her contention that Congress did not authorize the CAP; nor would that showing clearly entitle Plaintiff to a CDP Hearing.

**G. Objection 12**

Plaintiff's twelfth objection is titled, "Unauthorized Collections should be addressed *Sua Sponte*" and states as follows:

> This Court just documented the IRS violating the law by their Report and Recommendation and should address such *Sua Sponte* as McBratnie has addressed this diversional pathway of unauthorized collections in the pleadings.

(ECF No. 44, PageID.607.)

This objection is improperly presented to the Court. Objections to orders and R&Rs must "specify the part of the order . . . to which a person objects." E.D. Mich. LR 72.1(d). Plaintiff does not identify a portion of the R&R and Order to which she objects. Additionally, the objection is

rejected on the merits for the reasons set forth in this order's analysis on Plaintiff's Objection 8.

This objection is overruled.

### H. Objection 14

Plaintiff's Objection 14 is titled, "Factual challenge of subject matter jurisdiction." (ECF No. 44, PageID.608.) In this objection, Plaintiff argues that "limited discovery" is required to show that the Court has jurisdiction and that her claims for injunctive relief are not barred by the AIA. (*Id.*)

This objection is overruled for the reasons set forth in the Court's analysis of Objection 9. The Court also notes that Plaintiff has not requested or filed a motion for jurisdictional discovery and appears to have requested this relief for the first time in her objections. Plaintiff was aware of Defendant's arguments and had the ability to move for jurisdictional discovery before the issuance of the R&R.

### I. Objection 16

Plaintiff's Objection 16 takes issue with the R&R's second footnote, which describes the standard for judicial notice. The R&R took judicial notice of the contents of the IRS's Form 9423 and Form 12152 and

concluded that the contents of the forms "indicate that she requested a CAP rather than a CDP hearing." (ECF No. 41, PageID.569.) Plaintiff appears to argue that the R&R's authority regarding judicial notice is "incorrect" and "inferior" to *Loper Bright*, 603 U.S. 369.

Courts may take judicial notice of facts that are "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Yoder v. Bowen*, 146 F.4th 516, 526 n.1 (6th Cir. 2025) (quoting Fed. R. Evid. 201(b)), *cert. denied*, __ S. Ct. __, No. 25-923, 2026 WL 1780109 (June 22, 2026). Pieces of information that can be judicially noticed include "information contained on state and federal government websites." *Id.* (quoting *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017)). As such, the Court finds that the R&R did not err when it took judicial notice of the existence of the IRS forms and what they say. Additionally, to the extent Plaintiff objects to the R&R's consideration of IRS Publication 1660, (ECF No. 46, PageID.638), the Court finds that IRS Publication 1660 is not vital to the R&R's reasoning for the reasons set forth in the Court's analysis of Objection 9.

Plaintiff also appears to argue that the R&R should have determined whether the IRS "acted within its statutory authority." (ECF No. 44, PageID.610 (quoting *Loper Bright*, 603 U.S. at 412).) Plaintiff continues to argue that the CAP was not "authorize[d]" by Congress. (ECF No. 44, PageID.610.) The Court previously addressed this argument in its analysis on Objections 9, 10, and 11 and determined that Plaintiff's arguments regarding *Loper Bright* are insufficient.

**J. Objection 8**

Plaintiff's eighth objection is titled, "Magistrate failed to address 26 U.S.C. § 7433 Unauthorized Collections." (ECF No. 44, PageID.596.)

As set forth in the R&R, Plaintiff's complaint does not sufficiently allege that she properly requested a CDP Hearing. Part of the R&R's reasoning was that "there is nothing in Plaintiff's complaint to indicate that Plaintiff received any notice that would trigger her right to a CDP Hearing." (ECF No. 41, PageID.567.)

Plaintiff's objection rests on a belief that the R&R should have *sua sponte* created and then addressed a new claim: "Unauthorized Collections" under 26 U.S.C. § 7433. (ECF No. 44, PageID.597 ("The IRS instead violated a different law: 26 U.S.C. § 7433 Unauthorized

Collections."); *id.* at PageID.596 (arguing that considering unauthorized collections "should have been the first step of 26 U.S.C. § 6330 judicial analysis, but the Magistrate chose not to address it"); *id.* at PageID.598 ("The entirety of the Magistrates['] R&R is tainted because the Magistrate did not address the unauthorized collections argument in this case a predecessor requirement and statute violation."); *see also id.* at PageID.607 ("Unauthorized Collections should be addressed *Sua Sponte*").) As set forth in Plaintiff's objection (ECF No. 44, PageID.596), Defendant in their reply to the motion to dismiss stated, "In McBratnie's case, that 30-day window has not opened yet because the IRS has not yet sent her any notice triggering CDP rights for the 2017 tax year." (ECF No. 34, PageID.366.) Plaintiff appears to believe that Defendant's statement is a factual admission that she was not issued a Notice of Intent to Levy and that she was subject to a levy on her property without proper notice, which would constitute "unauthorized collections behavior." (ECF No. 44, PageID.596.)

In her objection, Plaintiff first argues that the Court accepted and adopted this factual admission that "no 'notice of intent to levy' has ever been sent" in its reasoning. (*Id.* at PageID.598.) This is not the case. The

R&R did not make any findings of fact. It based its analysis on Plaintiff's pleadings. (ECF No. 41, PageID.567 ("First, as noted by Defendant, there is nothing in Plaintiff's complaint to indicate that Plaintiff received any notice that would trigger her right to a CDP Hearing.") (emphasis added); *id*. at PageID.568 ("Thus, Plaintiff has not alleged any IRS Notice which triggered her right to a CDP Hearing.") (emphasis added).); *see also supra* III.C. (Objection 15).

Additionally, the Court cannot consider or create causes of action not raised in the complaint. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'" (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975))); *see also* Fed. R. Civ. P. 8(a) (requiring that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's complaint and amended complaint do not reference a claim under 26 U.S.C. § 7433. Thus, the R&R had no reason to consider it.

Plaintiff's argument that her prior case, *McBratnie v. Rettig*, 21-12264 (E.D. Mich.), "would need to be reopened . . . for admitted failure

to comply with 26 U.S.C. § 6330 (a)(1)" is also rejected. (ECF No. 44, PageID.598.) This is not a proper objection because it does not address an issue with the R&R.

Plaintiff's objection is overruled.

### K. Objection 3

The R&R also held that Plaintiff's claim for a writ of mandamus was insufficient under both Rule 12(b)(1) and 12(b)(6). (ECF No. 41, PageID.571–573.) It found that Plaintiff did not sufficiently plead entitlement to "the requested relief of 'ordering the IRS to provide the internal accounting audit data necessary to participate meaningfully in the Independent Office of Appeals hearing to determine the IRS's accuracy of the purported debt.'" (*Id.* at PageID.572–573 (quoting ECF No. 30, PageID.314).)

In her objection, Plaintiff argues that she is entitled to a writ of mandamus because she is entitled to a CDP Hearing and thus must "be[ ] in a position to meaningfully participate." (ECF No. 44, PageID.590.) Plaintiff appears to believe that this data is necessary for her "meaningful participation" in a hypothetical CDP Hearing.

As set forth in the Court's analysis of Objections 2 and 9, Plaintiff has not demonstrated entitlement to a CDP hearing. Additionally, even if Plaintiff had demonstrated entitlement to a CDP Hearing, Plaintiff does not sufficiently explain why a right to a CDP Hearing also demonstrates "a clear and indisputable right" to a writ ordering the IRS to provide her with this data. *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Mandamus is only available if "the defendant has a clear duty to act." *Id.* (quoting *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005)). Defendant's duty "must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not owed." *Id.* at 495 (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)). This obligation must be "plainly defined and peremptory." *Id.* (quoting *Maczko*, 814 F.2d at 310).

Here, Plaintiff has not identified a "plainly defined" "ministerial or mandatory duty of a federal official" to release this data to her. *Maczko*,

814 F.2d at 310. Thus, she has not pled a claim for a writ of mandamus. This objection is overruled.

**L. Objection 4**

Plaintiff argues that the R&R erred in finding that she was not entitled to an order of mandamus compelling the IRS to provide her with a CDP Hearing. (ECF No. 44, PageID.591 ("If a CDP hearing was acknowledged as sought in 2019 premised on actual facts versus hypothetical facts, then the issue remains if the IRS had a clear duty to act and McBratnie has a clear right to relief.").) For the reasons set forth in the Court's analysis of Objections 2 and 9, Plaintiff's objection is overruled. Plaintiff has not demonstrated an entitlement to a CDP Hearing such that the Court could issue a writ of mandamus.

**M.Objection 5**

Plaintiff's fifth objection (ECF No. 44, PageID.592) objects to the Order denying her motion to amend the complaint to add additional requests for injunctive or mandamus relief. (ECF No. 41, PageID.576.) Specifically, the objection disputes the Order's finding that Plaintiff failed to seek concurrence under Eastern District of Michigan Local Rule 7.1 for her motion to amend the complaint.

According to Plaintiff, she sought concurrence and Defendant provided concurrence for her motion for leave to amend the complaint. (ECF No. 44, PageID.592.) As proof, Plaintiff points to her January 9, 2026 filing titled, "PLAINTIFF'S NOTICE TO THE COURT AND TO THE DEFENDANT RE: Local Rule 7.1(a) relating to PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND STATUS UPDATE." (ECF No. 23.) In this document, Plaintiff describes a telephone conversation that she had with Defendant's counsel on January 7, 2026. In the description of the telephone conversation are the following two sentences: "Defendant was suggesting an Amended Complaint might be in order due to lack of specificity of the original Complaint. Plaintiff agrees an Amended Complaint is required." (*Id.* at PageID.222.) According to Plaintiff, this demonstrates that, on January 7, 2026, Defendant concurred with Plaintiff's motion to amend the complaint that was filed on February 20, 2026. (ECF No. 46, PageID.635.)

The Court disagrees. Defendant's suggestion that an amended complaint "might be in order" for Plaintiff to bring certain claims does not mean that Defendant agreed that Plaintiff should be granted leave to amend the complaint.

Plaintiff's objection is overruled.

**N. Objection 6**

In Plaintiff's Objection 6, she argues that the R&R did not address her claim for a writ of mandamus ordering the IRS to report information regarding Tax Year 2019 to the "Social Security Agency."[6] (ECF No. 44, PageID.593.) Regardless of whether the R&R addressed this claim, it must be dismissed for failure to state a claim on which relief may be granted.

Because Plaintiff proceeds *in forma pauperis*, (ECF No. 7), the Court may "dismiss the case at any time" if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the

[6] Plaintiff appears to be referring to the Social Security Administration.

pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).

The complaint seeks "an Order for the IRS to properly transcribe McBratnie's 2019 Federal Tax Return, that was only minimally 'adjusted into existence,'" (ECF No. 1, PageID.4), and "requests" that the Court "[d]irect the IRS to process McBratnie's 2019 tax return for proper accounting of self-employment taxes to the Social Security Administration." (*Id.* at PageID.15.) According to the complaint, Plaintiff paid these taxes, the IRS's alleged failures "adversely affected McBratnie's Social Security Credits," and "the IRS contractually needs to properly allocate and account of the taxes paid." (*Id.* at PageID.4.)

Plaintiff's "claim" for an order of mandamus related to these allegations is insufficient because it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). Although Plaintiff requests an "Order" directing the IRS to take actions related to

her 2019 Federal Tax Return, the complaint at no point specifically requests a writ of mandamus. Further, the complaint does not identify any laws that give Defendant a "clear duty to act" in this manner. *Carson*, 633 F.3d at 491. Without this information, Defendant is not on notice of her claim or "the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

To the extent Plaintiff clarified in her objections and her response to the motion to dismiss that she sought a writ of mandamus on these grounds, (*see, e.g.*, ECF No. 30, PageID.315; ECF No. 44, PageID.593), these filings do not cure the deficiencies in her complaint. "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020) (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

To the extent Plaintiff objects to the denial of her motion for leave to amend the complaint on these grounds, the Court overrules that objection. Plaintiff's proposed amended complaint again requests that the Court issue "an Order for the IRS to properly transcribe McBratnie's

2019 Federal Tax Return." (ECF No. 35-1, PageID.380.) It states that "the IRS contractually needs to properly allocate and account for the taxes paid" and she asserts that her "self-employment income reported to Social Security remains perpetually correctable per 42 U.S.C. § 405(c)(4)(C)." (*Id.* at PageID.381.) In the section of her proposed amended complaint titled, "Relief Requested," it states,

> Direct the IRS to report the 2019 income reported in ECF No. 12-3, PageID.67 "Adjusted Gross Income" of $12,300 to the Social Security Administration. Direct the IRS to process McBratnie's 2019 tax return for proper accounting of self-employment taxes, if the Social Security Administration per 42 U.S.C. § 405(c)(4)(C) requires such proper accounting and corrections (ECF No. 30-1, PageID.319)

(*Id.* at PageID.398–399.)

Again, the proposed amended complaint does not clearly state that she seeks a writ of mandamus related to these allegations. Although Plaintiff states that she seeks an "Order," the only identified law related to these allegations is 42 U.S.C. § 405(c)(4)(C). And even if Plaintiff's proposed amended complaint could be construed as requesting a writ of mandamus on these grounds, 42 U.S.C. § 405(c)(4)(C) concerns the Social Security Administration and does not require the IRS to do anything. Plaintiff has not identified a "ministerial or mandatory duty of a federal

official" at the IRS to take any of these described actions. *Maczko*, 814 F.2d at 310.

Objection 6 is overruled.

**O. Objection 7**

According to Plaintiff's seventh objection, the Order denying her motion for leave to file an amended complaint erred because the Order did not address her "Tax Year 2022-2024 claims." (ECF No. 44, PageID.594.)

Plaintiff's proposed amended complaint seeks a "preliminary injunction and mandamus" regarding "Tax Years 2022-2024." (ECF No. 35-1, PageID.394.) Plaintiff received a letter from the IRS dated December 15, 2025, stating that she has past due 2022 taxes in the amount of $777.31 and must pay the balance immediately. (ECF No. 22-1, PageID.144.) Plaintiff also received a "Notice of Intent to Seize (Levy) Your Property or Rights to Property" dated October 20, 2025 regarding an owed amount of $552.21 for tax period 2024. (ECF No. 22-2.)[7]

---

[7] Although Plaintiff characterizes her claim as pertaining to "Tax Years 2022-2024," there are no allegations regarding Tax Year 2023. (ECF No. 35-1, PageID.394.)

The allegations are difficult to understand, but Plaintiff appears to allege that the amounts sought by the IRS for Tax Years 2022 and 2024 are incorrect because they "represent[ ] the employer's portion of self-employment taxes on misclassified workers." (ECF No. 35-1, PageID.394.) Plaintiff claims that there is active litigation regarding her worker classification when she was an Amazon Flex delivery driver in 2018 to 2024 and that her taxes owed for 2022 and 2024 may depend on the outcome of those cases.[8] (*Id.* at PageID.394–395.) She states that an order of mandamus "will be required to tell the IRS to stay proceedings on holding their Independent Office of Appeals hearing, until a decision

---

[8] The cases are *Rittman v. Amazon.com, Inc.*, 16-cv-01554 (W.D. Wash.), which is a class action and currently stayed pending mediation, and *McBratnie v. Amazon.com, Inc.*, 24-cv-12914 (E.D. Mich.), which is currently stayed pending arbitration.

*Rittman* and *McBratnie* concern Fair Labor Standards Act ("FLSA") claims regarding worker classification under the FLSA. The Court notes that Plaintiff's worker classification under the FLSA may not have any relationship to her worker classification under tax law. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (stating that worker classifications under the FLSA is not "fixed . . . by classifications under other statutes" (quoting *Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 528 (1950))); *Flannery v. Tune Imports, Inc.*, No. 3:18-CV-00584, 2020 WL 2512825, at *6 (M.D. Tenn. May 15, 2020) ("[M]ost circuits to address the issue have found, persuasively, that treatment of persons for tax persons is of little value in analyzing someone's status under federal employment or labor law."). Thus, it is uncertain whether her taxes owed for Tax Years 2022 and 2024 would truly depend on the outcome of these cases.

is made" by those courts. (*Id.* at PageID.395.) She asserts that she has an entitlement to a stay because "[p]roceeding without a stay, results in lack of meaningful participation (26 U.S.C. § 6330(c)(4)(A)(i and ii)[)] by McBratnie in that Independent Office of Appeals hearing." (*Id.*) She also states that "Amended Returns are time restricted" and appears to request "a related Court Order suspending the expiration of such or tolling the statute of limitations for processing an amended return due to judicial delays." (*Id.* at PageID.395–396.) Finally, Plaintiff appears to request that the Court "consolidate tax years levy collections actions." (ECF No. 35-1, PageID.399.)

Amending the complaint to include these claims related to Tax Year 2022 and 2024 would be futile because they could not withstand a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) ("A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim."). Plaintiff does not set forth a legal basis for a writ of mandamus or for injunctive relief related to her Tax Year 2022 and 2024 filings. Plaintiff claims that a writ is necessary because, otherwise, she would be unable to meaningfully participate in a CDP hearing that could result

from the notices and letters issued by the IRS for Tax Years 2022 and 2024. (ECF No. 35-1, PageID.395 (citing 26 U.S.C. § 6330(c)(4)(A)(i)–(ii)).) But Plaintiff's citation to 26 U.S.C. § 6330(c)(4)(A)(i)–(ii) does not demonstrate a clear and certain right to any particular IRS action. *See Maczko*, 814 F.2d at 310 (requiring a "ministerial or mandatory duty of a federal official"); *see also Bardes v. United States*, No. 22-3063, 2022 WL 18461490, at *1 (6th Cir. Aug. 3, 2022) ("Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." (quoting *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005))). Based on the proposed amended complaint, it is not clear if Plaintiff is entitled to a CDP hearing related to these letters/notices for Tax Years 2022 and 2024 as it is not apparent that Plaintiff has filed a request for one under 26 U.S.C. § 6330.

Plaintiff's objection related to the proposed amended complaint is overruled.[9]

[9] The Court notes that Plaintiff's objection discusses allegations and potentially a claim for unauthorized collections that are not set forth in the proposed amended complaint. (ECF No. 44, PageID.594 (describing "recent action" taken by the IRS and referencing exhibits attached to her objections and reply to her objections).) The Court will not consider these allegations because they are not in the proposed amended complaint. *See Bates*, 958 F.3d at 484 ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot

**P. Objection 13**

In Plaintiff's Objection 13, Plaintiff states that she requires a Second Amended Complaint because "[c]ontinuing actions between the parties, [*sic*] necessitate changing of [*sic*] the focus of specific claims for the Court to address." (ECF No. 44, PageID.607.)

This objection is overruled because it does not address an error in the R&R and Order. Additionally, "[a]mendments to the complaint must be made under Federal Rule of Civil Procedure 15, not through objections to an R&R." *Deak v. Schuitema*, No. 1:26-CV-1610, 2026 WL 1753635, at *2 (W.D. Mich. June 18, 2026).

**IV. Conclusion**

Plaintiff's Objections are overruled. (ECF No. 44.) Plaintiff's claim for injunctive relief under 26 U.S.C. § 6330 is dismissed without prejudice for lack of jurisdiction. Plaintiff's requests for a writ of mandamus are dismissed without prejudice for lack of jurisdiction because Plaintiff has not pled a duty owed to her. *See Carson*, 633 F.3d at 491. Finally,

---

cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." (quoting *Harrell*, 13 F.3d at 236)).

Plaintiff's request for declaratory relief is dismissed without prejudice for lack of jurisdiction. (ECF No. 41, PageID.574–575.)[10]

For the reasons set forth above, Plaintiff's objections (ECF No. 44) are OVERRULED and the R&R (ECF No. 41) is ADOPTED. Defendant's motion to dismiss (ECF No. 20) is GRANTED, and Plaintiff's motions for preliminary injunction (ECF Nos. 21, 25) are DENIED AS MOOT. Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 18, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

[10] Plaintiff's objections do not appear to address the R&R's recommendation that Plaintiff's claims for declaratory relief be dismissed without prejudice.